UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) No. 1:07-cv-11444-RWZ |
| v. | ) ) |
| AGAWAM DONUTS, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION
FOR LIMITED DISCOVERY**

**INTRODUCTION**

Dunkin' seeks to obtain documents related to four of Defendants' former employees, all members of one family, and to take the depositions of these former employees.[1] On December 4, 2007, the family members advised Dunkin' that they are flying back to Brazil on December 30, 2007, and do not have plans to return. As detailed further below and in the Certification of Daniela Brito (filed under seal), these former employees possess direct evidence of Defendants' violations of employment and labor laws, as alleged in the Complaint. Given the exigent circumstances, it is imperative that Defendants be ordered to produce these materials immediately and that Dunkin' be able to take these depositions immediately. In light of the deponents' departure date and the upcoming holidays, Dunkin' requests that the documents be produced no later than noon on Monday, December 17, 2007, and the depositions be held from December 19th through 21st.

---

[1] The names of those employees are contained in the Certification of Daniela Brito, which is being filed under seal.

Without the requested discovery, Dunkin' will be severely and unfairly prejudiced in this case by losing the ability to present direct, highly relevant evidence for summary judgment or trial. In contrast, Defendants will not suffer any prejudice by the granting of this request to discover information about their own former employees.

## FACTUAL BACKGROUND

On October 29, 2007, the Court held the initial scheduling conference, in which it permitted the parties to engage in written discovery and required each party's 30(b)(6) designee to submit to a deposition concerning the basis for the claims they filed in this case. Dunkin' produced the requisite documents and, eight days later, on November 28, 2007, Defendants deposed Dunkin's representative. Dunkin' is scheduled to depose Defendants' representative on December 13, 2007, although Defendants have yet to designate the deponent. The Court ordered that other depositions may proceed only after the 30(b)(6) depositions. (Order of 10/29/07 ¶ 8.) The discovery sought by this motion complies with that Order.

The discovery sought here is directly relevant to Dunkin's claims that Defendants violated various tax, employment, and labor laws through the operation of the franchises. As alleged, Defendants employed persons not eligible for employment in the United States by, among other things: (1) accepting false identification documents and hiring employees not eligible for employment; (2) assigning names and valid Social Security Numbers of *other persons* to their employees; (3) failing to pay overtime to employees who worked in excess of forty (40) hours in a week; and (4) failing to pay federal and state payroll taxes due and owing. (*See* Compl. ¶¶ 61-69.)

On October 19, 2007, Dunkin' promptly sought discovery related to these claims through interrogatories and requests for production of documents. Responsive documents and

information would include discovery related to the deponents who are the subject of this motion. On December 5, 2007, Defendants served their responses. They objected to every request and refused to provide responsive information or documents for the vast majority of the requests. Attached as Exhibit 1 are copies of the responses. Defendants also cited motions they intend to file as grounds for not producing discovery. Other than to obtain the documents and depositions sought herein, Plaintiffs are not addressing these issues at this time and will do so when appropriate.

## ARGUMENT

Pursuant to the Court's October 29, 2007 Order, Dunkin' is permitted to take depositions at the completion of the 30(b)(6) deposition of Defendants' corporate representative, which will go forward on December 13, 2007. Dunkin' is in the process of noticing and subpoenaing the depositions for these former employees. However, prior to those depositions, Defendants should be required to produce documents related to these individuals, including but not limited to: (1) their complete employment files; (2) tax documentation; (3) payroll records; (4) I-9's and supporting documentation; and (5) all other documentation related to their employment and termination.

A court order allowing expedited discovery will issue upon a showing of good cause. *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Col. 2003). Good cause exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Id. See also Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (holding that good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

3

Good cause exists to order the production of these documents. First, three of the former employees are leaving the United States and returning to Brazil on December 30, 2007. During a phone conversation with Dunkin' employee Daniela Brito on December 4, 2007, Dunkin' learned that at least three of these family members have purchased their tickets and do not have plans to return to the United States. (Certification of Daniela Brito ¶ 3.) Their fear of retaliation by Defendants also warrants ordering the discovery on an expedited basis. (*See* Brito Cert. ¶ 5.)

Second, their testimony is critical to any fact finder because they are able to provide direct evidence of Defendants' wrongdoing, including Defendants':

1. accepting false documents and hiring of undocumented workers;
2. retention of undocumented workers;
3. identity theft and assignment of the names and Social Security Numbers of persons formerly employed by them to other employees;
4. failure to pay overtime; and
5. wholesale firing of undocumented workers in the weeks following Dunkin's termination of the franchises.

(Brito Cert. ¶¶ 4-11.)[2]

Third, in order for Dunkin' to appropriately depose each of these individuals, the documents Defendants possess must be produced in advance of the depositions. Without them, Dunkin' will be precluded from ascertaining the truth and fully questioning these individuals to completely develop and preserve admissible evidence. These witnesses will be able to provide direct testimony about Defendants' payment of checks to them using the names and Social Security Numbers of other individuals. Dunkin' is entitled to obtain copies of those records in advance of the depositions to confirm this practice, among others. *See Federal Trade Comm'n v. Direct Marketing Concepts, Inc.*, No. 04-11136, 2004 U.S. Dist. LEXIS 11628 (D. Mass. June

---

[2] Dunkin' relies on the contents of the Brito Certification, and the confidential exhibits attached thereto, in support of its Motion but will not further or more specifically divulge its contents because it was filed under seal.

23, 2004) (granting plaintiff's request for expedited discovery to depose witnesses and obtain production of documents, including but not limited to business financial records) (Exhibit 2); *Metal Building Components, L.P. v. Joe Allen Caperton*, No. 04-0256, 2004 U.S. Dist. LEXIS 28854, at *11 (D.N.M. April 2, 2004) (granting expedited discovery "to ensure that Defendant does not conceal or dispose of the property on which Plaintiff seeks to impose a construct trust and equitable lien.") (Exhibit 3).

Finally, the production of these documents and others like them come as no surprise to Defendants. The Franchise Agreements required Defendants to maintain and produce such documents upon request by Dunkin'. Moreover, the August 6, 2007 Notice of Termination and the Complaint specifically referenced Defendants' violation of labor, employment, and tax laws. Dunkin's written discovery requests, served on October 19, 2007, requested these very documents. They have known of their obligation to preserve and produce these records for years, generally, and months within the context of this lawsuit. Furthermore, there can be no question that I-9's, payroll records, and employment documents are relevant in a case alleging that Defendants engaged in a scheme to hire undocumented workers and avoid paying payroll taxes.

## CONCLUSION

For the reasons requested herein, Dunkin' seeks an order compelling the limited discovery sought, including the documents sought and that Dunkin' be permitted to depose the four family members the week of December 17, 2007. Additionally, Dunkin' requests that Defendants be required to file any opposition to Dunkin's motion by 4:00 p.m. on **December 10, 2007.**

**REQUEST FOR ORAL ARGUMENT**

Dunkin' believes that oral argument may assist the Court in deciding the Motion. Thus, Dunkin' respectfully requests an expedited hearing on the Motion to be set on a date and time before December 12, 2007 .

Respectfully submitted,

By: /s/ Stephen J. Vaughan
Robert L. Zisk
Eric L. Yaffe
Stephen J. Vaughan
GRAY, PLANT, MOOTY, MOOTY
  & BENNETT, P.A.
2600 Virginia Avenue, N.W.
Suite 1111
Washington, DC 20037
Telephone:   (202) 295-2200
Facsimile:   (202) 295-2250

Robert A. Murphy (Bar No. 363700)
Donna Brewer Mackenna (Bar No. 545254)
CASNER & EDWARDS, LLP
303 Congress Street, 2nd Floor
Boston, Massachusetts 02210
Telephone:   (617) 426-5900
Facsimile:   (617) 426-8810

Dated: December 7, 2007               *Attorneys for Plaintiffs*