UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, et al., | ) ) ) ) | |
| Plaintiffs and Counterclaim Defendants, | ) ) ) | 1:07-cv-11444-RWZ |
| v. | ) ) ) | |
| AGAWAM DONUTS, INC., et al., | ) ) | |
| Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs, | ) ) ) ) | |
| v. | ) ) ) | |
| DUNKIN' BRANDS, INC. | ) ) | |
| Third-Party Defendant. | ) ) ) ) ) ) | |

**CHILDREN DEFENDANTS' RESPONSES TO
DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC'S
FIRST SET OF INTERROGATORIES**

The Children Defendants[1], for their responses to Dunkin' Donuts Franchised Restaurants

LLC's First Set of Interrogatories (the "Interrogatories"), state as follows:

---

[1] The Children Defendants are B.E. Donuts, Inc., LPJ Donuts, Inc., Springfield Donuts, Inc., Supermarket Donuts, Inc., Fletcher Donuts, LLC, Lori Martins, Peter Martins, Jessica Salema, and Derek Salema.

## PRELIMINARY STATEMENT

As a preface to their responses to Plaintiffs' Interrogatories, the Children Defendants state that, based on the 30(b)(6) deposition of Dunkin' Donuts,[2] they have moved, or will shortly be moving, for summary judgment on Plaintiffs' claims, and simultaneously sought or will seek a protective order to stay discovery until the Court has resolved their motion. The Children Defendants also state that to the extent their motion is denied and discovery proceeds thereafter, investigation into these matters is continuing. The Children Defendants have not completed their preparation for trial, and therefore reserve the right to amend, supplement, and provide additional information if and as discovery in this case progresses, new facts are developed and new information is obtained. Therefore, the following answers are given without prejudice to the Children Defendants' rights to produce any additional evidence at the trial of this matter or in connection with any pre-trial proceeding.

---

[2] Dunkin' Donuts hereinafter refers to the Plaintiffs, Counterclaim Defendants and Third-Party Dunkin' Brands, LLC, collectively.

INTERROGATORY NO. 1:

Identify with particularity all of the savings accounts and checking accounts used by you and/or your franchised businesses, including the name and address of the financial institution and the associated account number(s), since January 1, 2005.

ANSWER NO. 1:

The Children Defendants object to this interrogatory on the basis that they have moved, or will shortly be moving, for summary judgment and a protective order staying discovery until the Court rules on their motion for summary judgment. *MacKnight v. Leonard Morse Hospital*, 828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's stay of discovery pending disposition of the motion for summary judgment). Litigants may be denied an opportunity for discovery where they fail to make "even a minimal showing warranting the requested discovery." *MacKnight*, 828 F.2d at 51. Contrary to Dunkin' Donuts' contentions that they are entitled to determine and establish a course of action through discovery, "discovery cannot be used as a vehicle for discovering a right of action." *Id.* at 52, *quoting* 4 Moore's Federal Practice par. 26.56, at 26-95 n.3 (1987); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery power in a fishing expedition"). Having failed to make a threshold showing in their 30(b)(6) deposition that there is a proper factual basis under the parties' franchise agreements to support their complaint, Plaintiffs are not entitled to discovery prior to disposition of a motion for summary judgment. *MacKnight*, 828 F.2d at 51-52.

Further responding and as additional objections, the Children Defendants object insofar as this interrogatory seeks personal information, on the basis that such information is irrelevant and not reasonably calculated to lead to the production or identification of admissible evidence.

The Children Defendants also object to the remainder of the interrogatory on the basis that it calls for information that is irrelevant to this proceeding and not reasonably calculated to lead to the production or identification of admissible evidence. Given that Dunkin' Donuts, in the ordinary course of business, debits their advertising and franchise fees from the Children Defendants' accounts via electronic funds transferred on a weekly basis, the Children Defendants further object to this interrogatory as harassing to the extent that it seeks information already in the possession, custody or control of the propounding party. Lastly, the Children Defendants object to the interrogatory to the extent that it seeks information subsequent to the date of the commencement of this action – August 6, 2007 – on the basis that "[t]he cause of action or right to recover must be determined as of the time of the institution of the suit" and until the right to recover is "established, information to be required on interrogatories will be confined to a period prior to the institution of the suit." *Devex Corp. v. General Motors, Corp.*, 275 F.Supp. 310, 313 (D. Del. 1967) (citation omitted).

INTERROGATORY NO. 2:

Identify, by name, address, and phone number, any accountant or bookkeeper who has rendered services related to you or your franchises since January 1, 2005.

ANSWER NO. 2:

The Children Defendants object to this interrogatory on the basis that they have moved, or will shortly be moving, for summary judgment and a protective order staying discovery until the Court rules on their motion for summary judgment. *MacKnight v. Leonard Morse Hospital*, 828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's stay of discovery pending disposition of the motion for summary judgment). Litigants may be denied an opportunity for discovery

where they fail to make "even a minimal showing warranting the requested discovery." *MacKnight*, 828 F.2d at 51.  Contrary to Dunkin' Donuts' contentions that they are entitled to determine and establish a course of action through discovery, "discovery cannot be used as a vehicle for discovering a right of action." *Id.* at 52, *quoting* 4 Moore's Federal Practice par. 26.56, at 26-95 n.3 (1987); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery power in a fishing expedition").  Having failed to make a threshold showing in their 30(b)(6) deposition that there is a proper factual basis under the parties' franchise agreements to support their complaint, Plaintiffs are not entitled to discovery prior to disposition of a motion for summary judgment. *MacKnight*, 828 F.2d at 51-52.

Further responding and as additional objections, the Children Defendants object insofar as this interrogatory seeks personal information on the basis that such information is irrelevant and not reasonably calculated to lead to the production or identification of admissible evidence. The Children Defendants also object to this interrogatory as harassing to the extent that it seeks information already in the possession, custody or control of the propounding party.  Subject to and without waiver of these objections, the Children Defendants respond as follows:

> Cynthia A. Capobianco, CPA
> 30 Quaker Lane
> Warwick, RI 02886
> 401-822-1990

The other current or former employees of Cynthia A. Capobianco that rendered services to the franchises are:

> Tania Andrade
> Renee Sullivan
> Marjorie Perry
> Stephanie Marino
> Joanne Boisant
> Lynn Desousa

Lynne Morrissey
Dan Pelicano
Martha Sechio (Fletcher Donuts only)

INTERROGATORY NO. 3:

Identify all expert witnesses you expect to call at trial, and for each expert identified, (a) state the subject matter on which the expert is expected to testify, and (b) state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

ANSWER NO. 3:

No decision has been made regarding expert testimony. The Children Defendants expect to timely supplement this answer pursuant to Fed. R. Civ. P. 26(b)(4)(B).

INTERROGATORY NO. 4:

Identify, by name, address, and phone number, all persons involved in the preparation of payroll and employment records and documents, by time period, including but not limited to payroll tax returns, W-2's, I-9's, I-941's, employment applications, personnel files, and 1099's, relating to any or all of your franchises since January 1, 2005.

ANSWER NO. 4:

The Children Defendants object to this interrogatory on the basis that they have moved, or will shortly be moving, for summary judgment and a protective order staying discovery until the Court rules on their motion for summary judgment. *MacKnight v. Leonard Morse Hospital*, 828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's stay of discovery pending disposition of the motion for summary judgment). Litigants may be denied an opportunity for discovery

where they fail to make "even a minimal showing warranting the requested discovery." *MacKnight*, 828 F.2d at 51. Contrary to Dunkin' Donuts' contentions that they are entitled to determine and establish a course of action through discovery, "discovery cannot be used as a vehicle for discovering a right of action." *Id.* at 52, *quoting* 4 Moore's Federal Practice par. 26.56, at 26-95 n.3 (1987); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery power in a fishing expedition"). Having failed to make a threshold showing in their 30(b)(6) deposition that there is a proper factual basis under the parties' franchise agreements to support their complaint, Plaintiffs are not entitled to discovery prior to disposition of a motion for summary judgment. *MacKnight*, 828 F.2d at 51-52.

Further responding and as an additional objection, the Children Defendants further object to this interrogatory as harassing to the extent that it seeks information already in the possession, custody or control of the propounding party. Subject to and without waiving these objections, for each franchise in Massachusetts the Children Defendants state:

Pat Freeman
Human Resources Manager
4 Harding Avenue
Ludlow, Massachusetts 01056

Ms. Freeman has been responsible for maintaining personnel files, which include the employment applications and I-9s, for the period from January 1, 2005 through October 30, 2007. Mr. Freeman is presently not working because of a physical condition; Lori Martins is temporarily filling this position.

For each franchise in Florida, the Children defendants state:

Gregg Serpa
5807 Cay Cove Street
Tampa, FL 33615

Cynthia Capobianco has prepared payroll records, payroll tax returns, W-2s, I-941s and 1099s since January 1, 2005. Further responding, the Children Defendants refer to Answer No. 2.

INTERROGATORY NO. 5:

Describe in detail the process you used to pay each of your employees since January 1, 2005, including but not limited to identifying the accounts from which you paid employees and the nature of all cash payments made to employees.

ANSWER NO. 5:

The Children Defendants object to this interrogatory on the basis that they have moved, or will shortly be moving, for summary judgment and a protective order staying discovery until the Court rules on their motion for summary judgment. *MacKnight v. Leonard Morse Hospital*, 828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's stay of discovery pending disposition of the motion for summary judgment). Litigants may be denied an opportunity for discovery where they fail to make "even a minimal showing warranting the requested discovery." *MacKnight*, 828 F.2d at 51. Contrary to Dunkin' Donuts' contentions that they are entitled to determine and establish a course of action through discovery, "discovery cannot be used as a vehicle for discovering a right of action." *Id.* at 52, *quoting* 4 Moore's Federal Practice par. 26.56, at 26-95 n.3 (1987); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery power in a fishing expedition"). Having failed to make a threshold showing in their 30(b)(6) deposition that there is a proper factual basis under the parties' franchise agreements to support their complaint, Plaintiffs are not entitled to discovery prior to disposition of a motion for summary judgment. *MacKnight*, 828 F.2d at 51-52.

Further responding and as additional objections, the Children Defendants object to this interrogatory insofar as it seeks account information on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the production or discovery of admissible evidence. Subject to and without waiver of these objections, the Children Defendants state that employees are paid by check. Each Saturday, shop managers collect and total the time cards for the week ended, and then enter the hours worked, by employee, in the Internal Matters software system. After the data entry is complete, an electronic file is transmitted from Internal Matters to Cynthia Capobianco's office. There, the checks are prepared, sorted by store, and, for the Massachusetts stores, returned to John Salema's attention for signature by Natalia Salema. The checks are then sorted at the Ludlow store by district manager. On Wednesday, the district managers pick up the checks, and on Thursday, deliver them to their respective stores for distribution (by the store managers) to the employees on Friday. The checks for the Florida stores are forwarded by Cindy Capobianco's office to Gregg Serpa, who brings them to each store for distribution to the employees on Friday.

INTERROGATORY NO. 6:

Identify, by name, address, and phone number, any and all outside agencies and/or third parties used to prepare payroll checks, records, or other documents for your franchises since January 1, 2002.

ANSWER NO. 6:

The Children Defendants object to this interrogatory on the basis that they have moved, or will shortly be moving, for summary judgment and a protective order staying discovery until the Court rules on their motion for summary judgment. *MacKnight v. Leonard Morse Hospital,*

828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's stay of discovery pending disposition of the motion for summary judgment). Litigants may be denied an opportunity for discovery where they fail to make "even a minimal showing warranting the requested discovery." *MacKnight*, 828 F.2d at 51. Contrary to Dunkin' Donuts' contentions that they are entitled to determine and establish a course of action through discovery, "discovery cannot be used as a vehicle for discovering a right of action." *Id.* at 52, *quoting* 4 Moore's Federal Practice par. 26.56, at 26-95 n.3 (1987); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery power in a fishing expedition"). Having failed to make a threshold showing in their 30(b)(6) deposition that there is a proper factual basis under the parties' franchise agreements to support their complaint, Plaintiffs are not entitled to discovery prior to disposition of a motion for summary judgment. *MacKnight*, 828 F.2d at 51-52.

Further responding and as an additional objection, the Children Defendants object to this interrogatory on the basis that the interrogatory is vague. Subject to and without waiver of these objections:

Internal Matters;

Cindy Capobianco; and

Further responding, the Children Defendants refer to Answer No. 2.


INTERROGATORY NO. 7:

Identify, by name, address, and phone number, any and all outside agencies and/or third parties used to provide labor for use in your franchises since January 1, 2002.

ANSWER NO. 7:

The Children Defendants object to this interrogatory on the basis that they have moved, or will shortly be moving, for summary judgment and a protective order staying discovery until the Court rules on their motion for summary judgment. *MacKnight v. Leonard Morse Hospital*, 828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's stay of discovery pending disposition of the motion for summary judgment). Litigants may be denied an opportunity for discovery where they fail to make "even a minimal showing warranting the requested discovery." *MacKnight*, 828 F.2d at 51. Contrary to Dunkin' Donuts' contentions that they are entitled to determine and establish a course of action through discovery, "discovery cannot be used as a vehicle for discovering a right of action." *Id.* at 52, *quoting* 4 Moore's Federal Practice par. 26.56, at 26-95 n.3 (1987); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery power in a fishing expedition"). Having failed to make a threshold showing in their 30(b)(6) deposition that there is a proper factual basis under the parties' franchise agreements to support their complaint, Plaintiffs are not entitled to discovery prior to disposition of a motion for summary judgment. *MacKnight*, 828 F.2d at 51-52.

Further responding and as an additional objection, the Children Defendants object on the basis that the interrogatory is vague. Subject to and without waiver of these objections: None.

INTERROGATORY NO. 8:

Identify any and all audits and/or investigations by the IRS, the U.S. Department of Labor, the U.S. Department of Justice, and/or any other state or federal government department, agency, bureau, or other authority relating to you or any or all of your franchises since January 1,

2002, including the name of the entities and persons involved in the investigation, the date of the investigation, a description of the investigation, and the status or outcome of the investigation.

ANSWER NO. 8:

The Children Defendants object to this interrogatory on the basis that they have moved, or will shortly be moving, for summary judgment and a protective order staying discovery until the Court rules on their motion for summary judgment. *MacKnight v. Leonard Morse Hospital*, 828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's stay of discovery pending disposition of the motion for summary judgment). Litigants may be denied an opportunity for discovery where they fail to make "even a minimal showing warranting the requested discovery." *MacKnight*, 828 F.2d at 51. Contrary to Dunkin' Donuts' contentions that they are entitled to determine and establish a course of action through discovery, "discovery cannot be used as a vehicle for discovering a right of action." *Id.* at 52, *quoting* 4 Moore's Federal Practice par. 26.56, at 26-95 n.3 (1987); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery power in a fishing expedition"). Having failed to make a threshold showing in their 30(b)(6) deposition that there is a proper factual basis under the parties' franchise agreements to support their complaint, Plaintiffs are not entitled to discovery prior to disposition of a motion for summary judgment. *MacKnight*, 828 F.2d at 51-52.

Further responding and as additional objections, the Children Defendants object to this interrogatory on the basis that the requested information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence where, in the Rule 30(b)(6) deposition of Dunkin' Donuts, corporate designee Jack Laudermilk testified that, in attempting to terminate

the Children Defendants' franchises, Dunkin' Donuts did not rely on or consider in any manner

any prior investigation by government agencies, and that alleged child labor violations were not

a basis for the attempted termination.  The Children Defendants further object to this

interrogatory as harassing to the extent that it seeks information already in the possession,

custody or control of the propounding party and which is the subject of a settlement agreement

between the parties dated October 14, 2004, the terms of which are not relevant to or admissible

in any suit or proceeding.


INTERROGATORY NO. 9:

Identify all employees who have resigned, quit, been terminated, separated from

employment, or are no longer working for you for any reason since July 1, 2007, and for each

such former employee, identify the date each person ceased working for you and the reason(s)

each person is no longer employed by you.

ANSWER NO. 9:

The Children Defendants object to this interrogatory on the basis that they have moved,

or will shortly be moving, for summary judgment and a protective order staying discovery until

the Court rules on their motion for summary judgment.  *MacKnight v. Leonard Morse Hospital*,

828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's stay of discovery pending disposition

of the motion for summary judgment).  Litigants may be denied an opportunity for discovery

where they fail to make "even a minimal showing warranting the requested discovery."

*MacKnight*, 828 F.2d at 51.  Contrary to Dunkin' Donuts' contentions that they are entitled to

determine and establish a course of action through discovery, "discovery cannot be used as a

vehicle for discovering a right of action." *Id.* at 52, *quoting* 4 Moore's Federal Practice par.

26.56, at 26-95 n.3 (1987); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery power in a fishing expedition"). Having failed to make a threshold showing in their 30(b)(6) deposition that there is a proper factual basis under the parties' franchise agreements to support their complaint, Plaintiffs are not entitled to discovery prior to disposition of a motion for summary judgment. *MacKnight*, 828 F.2d at 51-52. Further responding and as additional objections, the Children Defendants object to this interrogatory as harassing on the grounds that it seeks information equally available to, or already in the possession, custody or control of, the propounding party. The Children Defendants also object to this interrogatory insofar as it seeks information subsequent to the commencement of this action on the basis that "[t]he cause of action or right to recover must be determined as of the time of the institution of the suit" and until the right to recover is "established, information to be required on interrogatories will be confined to a period prior to the institution of the suit." *Devex, supra,* 275 F.Supp. at 313 (citation omitted).


INTERROGATORY NO. 10:

Describe any investigation you have conducted relating to your compliance with the Franchise Agreements or any other allegation or claim pled in the Complaint, including but not limited to the identification of any persons involved in that investigation whether they are parties or non-parties, the identification of all persons with knowledge of the investigation, a description of the investigation, the status of the investigation, and any findings.

ANSWER NO. 10:

The Children Defendants object to this interrogatory on the basis that they have moved,

14

or will shortly be moving, for summary judgment and a protective order staying discovery until the Court rules on their motion for summary judgment. *MacKnight v. Leonard Morse Hospital*, 828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's stay of discovery pending disposition of the motion for summary judgment). Litigants may be denied an opportunity for discovery where they fail to make "even a minimal showing warranting the requested discovery." *MacKnight*, 828 F.2d at 51. Contrary to Dunkin' Donuts' contentions that they are entitled to determine and establish a course of action through discovery, "discovery cannot be used as a vehicle for discovering a right of action." *Id.* at 52, *quoting* 4 Moore's Federal Practice par. 26.56, at 26-95 n.3 (1987); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery power in a fishing expedition"). Having failed to make a threshold showing in their 30(b)(6) deposition that there is a proper factual basis under the parties' franchise agreements to support their complaint, Plaintiffs are not entitled to discovery prior to disposition of a motion for summary judgment. *MacKnight*, 828 F.2d at 51-52.

Further responding and as an additional objection, the Children Defendants object to this interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

INTERROGATORY NO. 11:

Identify, by name, address, phone number, and birth date, all minors you have employed since January 1, 2005 and the time period for which they were employed.

ANSWER NO. 11:

The Children Defendants object to this interrogatory on the basis that they have moved,

or will shortly be moving, for summary judgment and a protective order staying discovery until the Court rules on their motion for summary judgment. *MacKnight v. Leonard Morse Hospital*, 828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's stay of discovery pending disposition of the motion for summary judgment). Litigants may be denied an opportunity for discovery where they fail to make "even a minimal showing warranting the requested discovery." *MacKnight*, 828 F.2d at 51. Contrary to Dunkin' Donuts' contentions that they are entitled to determine and establish a course of action through discovery, "discovery cannot be used as a vehicle for discovering a right of action." *Id.* at 52, *quoting* 4 Moore's Federal Practice par. 26.56, at 26-95 n.3 (1987); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery power in a fishing expedition"). Having failed to make a threshold showing in their 30(b)(6) deposition that there is a proper factual basis under the parties' franchise agreements to support their complaint, Plaintiffs are not entitled to discovery prior to disposition of a motion for summary judgment. *MacKnight*, 828 F.2d at 51-52.

Further responding and as additional objections, the Children Defendants object to this interrogatory on the grounds that it is overly burdensome, and calls for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence where, in the 30(b)(6) deposition of Dunkin' Donuts, corporate designee Jack Laudermilk testified that, in attempting to terminate the Children Defendants' franchises, Dunkin' Donuts did not rely on or consider in any manner any prior investigation by government agencies, and that alleged child labor violations were not a basis for the attempted termination. Lastly, the Children Defendants object to the interrogatory to the extent that it seeks information subsequent to the date of the commencement of this action – August 6, 2007 – on the basis that "[t]he cause of action or right

16

to recover must be determined as of the time of the institution of the suit" and until the right to recover is "established, information to be required on interrogatories will be confined to a period prior to the institution of the suit." *Devex, supra*, 275 F.Supp. at 313 (citation omitted).

INTERROGATORY NO. 12:

State all facts in support of your affirmative defenses.

ANSWER NO. 12:

The Children Defendants object to this interrogatory on the basis that they have moved, or will shortly be moving, for summary judgment and a protective order staying discovery until the Court rules on their motion for summary judgment. *MacKnight v. Leonard Morse Hospital*, 828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's stay of discovery pending disposition of the motion for summary judgment). Litigants may be denied an opportunity for discovery where they fail to make "even a minimal showing warranting the requested discovery." *MacKnight*, 828 F.2d at 51. Contrary to Dunkin' Donuts' contentions that they are entitled to determine and establish a course of action through discovery, "discovery cannot be used as a vehicle for discovering a right of action." *Id.* at 52, *quoting* 4 Moore's Federal Practice par. 26.56, at 26-95 n.3 (1987); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("as a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery power in a fishing expedition"). Having failed to make a threshold showing in their 30(b)(6) deposition that there is a proper factual basis under the parties' franchise agreements to support their complaint, Plaintiffs are not entitled to discovery prior to disposition of a motion for summary judgment. *MacKnight*, 828 F.2d at 51-52.

Further responding, the Children Defendants object to this interrogatory as overly broad, burdensome and impermissibly compound, as the Children Defendants have asserted multiple affirmative defenses. Subject to and without waiver of these objections, the Children Defendants state generally that there was no basis for the attempted termination of their franchises, that multiple parts of the Franchise Agreement are unlawful, and that they intend to rely upon the entire record in this case, including Dunkin' Donuts' Rule 30(b)(6) testimony, which demonstrates the bad faith of the Plaintiffs in this case.

INTERROGATORY NO. 13:

Identify the monetary amount of all damages you claim to have suffered as a result of the facts averred in your counterclaims, the method of calculation, the formulae used in those calculations, the person(s) who performed the calculations, all experts who may testify regarding damages calculations, and all supporting documents used or prepared in those calculations.

ANSWER NO. 13:

Children Defendants state that the damages are continuing in nature, not all damages have been identified, and that they have not yet quantified the damages suffered from lost business opportunities, lost investment in their stores and other losses. The Children Defendants will supplement this answer in a timely fashion.

INTERROGATORY NO. 14:

State all facts that support your allegation that "upon information and belief, Dunkin' had no such evidence" that Defendants had breached the Franchise Agreements, as averred in Paragraph 66 of the Counterclaims of Certain Defendants dated September 26, 2007, and identify all persons with knowledge of and all documents relating to those facts.

ANSWER NO. 14:

Children Defendants' state that Dunkin's Donuts' 30(b)(6) deposition, as ordered by the Court in this case, establishes that Dunkin' Donuts did not possess the contractually required proof that the Children Defendants had violated the law as required for a default under the Franchise Agreements. The Children Defendants refer to and incorporate that testimony and record here.

INTERROGATORY NO. 15:

State all facts in support of your counterclaims.

ANSWER NO. 15:

The Children Defendants object to this interrogatory as overly broad and compound, as there are multiple counter-claims. Subject to and without waiving this objection, the Children Defendants state as follows:

Together, the Parent and Children Defendants (the "Defendants") operate a network of fifty-one (51) Dunkin' Donuts' stores located in western Massachusetts and Florida, and employ over 900 employees. The Defendants have had a long-standing and mutually beneficial relationship with Dunkin' Donuts since the 1980s. Mr. Salema began working for Dunkin' Donuts when he immigrated to the United States in 1966 and purchased his first store in 1981.

Since the purchase of their first store, the Salemas, through their various corporate entities, have always been franchisees in excellent standing.  Because of their continuous commitment to their stores and promoting the Dunkin' Donuts' brand, they have been afforded multiple expansion opportunities and presently have 51 stores, including a Central Manufacturing Location ("CML") where they produce donuts, bagels, and muffins for their own stores.

Through the years, the Defendants have received numerous accolades from Dunkin' Donuts.  In reliance upon their being repeatedly and consistently told by Dunkin' Donuts that they are excellent operators and franchisees in good standing, the Defendants voluntarily remodeled stores well in advance of the obligatory date in the Franchise Agreements and undertook other actions that went beyond the requirements of their agreements with Dunkin' Donuts.

Significantly, on occasions in the past where any issue has arisen regarding the operation of their stores, the Defendants have taken immediate steps to remedy the issue, and have so informed Dunkin' Donuts.

In June 2007, less than a month before Dunkin' Donuts drafted the Notice of Default and Termination (the "Termination Notice"),[3] Dunkin' Brands began introducing the Next Generation Sandwich Station ("NGSS") among franchisees in good standing.  In order to implement NGSS in the Springfield market, Dunkin' Donuts required at least 70% of that market to commit to the program.  Given the size and strength of the Defendants' network, a commitment from the Defendants would secure more than the requisite 70% of the Springfield market.  Dunkin' Donuts approached the Defendants and, at Dunkin's request, the Defendants voluntarily agreed to be the test market for the NGSS, resulting in the Defendants having

---

[3] In the 30(b)(6) deposition of Dunkin' Donuts, Jack Laudermilk testified that Dunkin' Donuts drafted the Notice of Default and Termination in mid-July 2007.

reinvested approximately 2.4 million dollars in renovations and the NGSS platform over the past few months. At no time during this process did Dunkin' Donuts indicate that there existed any issue with regard to the manner in which the Defendants operated their stores. To the contrary, Dunkin' Donuts gave the Defendants every indication and reason to believe that they were in good standing.

On or about August 6, 2007, Dunkin' Donuts, without warning, notice or an opportunity to cure any alleged default of any agreement, and without proper basis as required by the Franchise Agreements, served the Defendants with a Notice of Default and Termination (the "Termination Notice"), dated August 6, 2007, for each store in the Defendants' network. The Termination Notice stated summarily and without basis that Dunkin' Donuts "notified [the Defendants] of certain defaults under the Franchise Agreements" and, "[b]ased on a variety of evidence," Dunkin' Donuts had concluded that the Defendants violated provisions of the Franchise Agreements. Without providing or having proof of the alleged violations, as required by the Franchise Agreements, and without providing any specifics of the alleged violations of the law, Dunkin' Donuts "concluded" that the Defendants "engaged in a scheme to violate the Franchise Agreements and applicable labor laws and tax laws by, among other things, failing to pay numerous employees substantial sums at overtime wage rates due for work in excess of 40 hours per week," "failing to pay all payroll taxes due," and violating "applicable immigration and employment laws" by "knowingly hiring and knowingly continuing to employ individuals who are not authorized to work in the United States."

At the time the Termination Notice was issued, the Defendants had not been notified of any investigation by the Department of Labor regarding overtime wages and had received no complaints from employees, and no such investigations were pending. The Termination Notice

provided that the alleged breaches constituted defaults. Moreover, the Termination Notice asserted that the alleged breaches and fraud were grounds for termination and could not be cured. The Termination Notice failed to disclose proof of wrongdoing as required by the Franchise Agreements. In reality, and as now confirmed at Dunkin' Donuts' 30(b)(6) deposition, Plaintiffs possessed no such proof. Indeed, other than the stated "conclusions" that the Defendants allegedly violated provisions of the Franchise Agreements, Dunkin' Donuts, in contravention of its obligations under the Franchise Agreements, possessed no "*proof that Franchisee has committed such a felony crime or offense.*"

After forwarding the Termination Notice and filing the lawsuit, Dunkin' interfered with a pending deal to acquire approximately eight (8) additional stores in Florida. Knowing that financial and other costly commitments had already been made and were outstanding, on or about August 8, 2007, Ralph Gabellieri, the Business Development Manager of Franchising for Dunkin' Brands, notified the seller of the stores that some of the Children Defendants had been terminated and that there would be no further action by Dunkin' Donuts to move the proposed sale to conclusion. The letter instructed the seller to "refer all questions to the proposed buyers."

Thereafter, by letter dated August 10, 2007, the Defendants informed Dunkin' Donuts that they intended to contest the claimed defaults and contended that the termination is not justified. At the same time, Dunkin' Donuts refused outright to provide any information about the basis for the actions it had taken despite a demand that it do so. By way of letter, in or about August 2007, the Defendants contacted Dunkin' Donuts and requested that it disclose any actual evidence relied upon by Dunkin' in support of its Termination Notice. Specifically, on or about August 16, 2007, bewildered at Dunkin' Donuts' treatment of him after years as a successful franchisee, Mr. Salema wrote a letter directly to John E. Luther, Dunkin Brands' Chairman and

Chief Executive Officer.  In his letter, Mr. Salema reiterated his commitment to the franchise, and asked that Dunkin' provide him with the facts which caused the termination in order to address it.  Neither Mr. Luther nor anyone else at Dunkin' Brands has responded to his letter.

Further responding, the Children Defendants refer to Answer No. 14, above.

Signed under the pains and penalties of perjury this _5_ day of December, 2007.

_____
Peter Martins

**B.E. DONUTS, INC.,**
**LPJ DONUTS, INC.,**
**SPRINGFIELD DONUTS, INC.,**
**SUPERMARKET DONUTS, INC.,**
**FLETCHER DONUTS, LLC,**
**LORI MARTINS,**
**PETER MARTINS,**
**JESSICA SALEMA,**
and
**DEREK SALEMA**

As to objections,

/s/ Max D. Stern
Max. D. Stern (BBO# 479560)
Alexandra H. Deal (BBO# 660645)
STERN SHAPIRO WEISSBERG &
GARIN, LLP
90 Canal Street, Suite 500
Boston, MA 02114
Tel: (617) 742-5800
Fax: (617) 742-5858


Dated: December 5, 2007

## CERTIFICATE OF SERVICE

I, Alexandra H. Deal, hereby certify that on this 5th day of December, 2007, I served a copy of the foregoing on all parties to this action by delivering by email and postage pre-paid first-class mail to counsel of record.

 /s/  Alexandra H. Deal
Alexandra H. Deal