UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11444-RWZ

DUNKIN DONUTS FRANCHISED RESTAURANTS, LLC
a Delaware Limited Liability Company, *et al.*

v.

AGAWAM DONUTS, INC., *et al.*

ORDER

February 13, 2008

ZOBEL, D.J.

During a motion hearing held on December 18, 2007, the court stated, "[b]y the way, all requests to file under seal are allowed." (Hr'g Tr. 55:18-19, Dec. 18, 2007.) The court was referring to the several pending requests to file documents under seal. The parties have taken this statement as carte blanche to file all subsequent pleadings under seal without filing motions to do so. They do not have permission to file further documents under seal without the express approval of the court.

In this regard, the parties are reminded that a party seeking to file a document under seal must demonstrate that "good cause" exists to do so. Fed. R. Civ. P. 26(c). Demonstrating "good cause" entails making a particularized factual showing of the harm that would be sustained if the court did not allow the filing under seal. See Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 129 F.R.D. 483, 484 (D. N.J. 1990); cf. Pub. Citizen v. Liggett Group, Inc., 858 F.2d 775, 788-89 (1st Cir. 1988).[1] The court

---

[1] Although the opinion in Liggett issued under former Rule 5(d) of the Federal Rules of Civil Procedure, the reasoning underlying the opinion remains valid.

recognizes that good cause exists at the present time for filing papers pertaining to defendants' summary judgment motion under seal.  However, the basis for filing other pleadings under seal is less clear.  Public access to trials and pre-trial motions practice is a longstanding tradition of our judicial system protected by the common law, <u>see generally</u> <u>Nixon v. Warner Communications</u>, 435 U.S. 589, 597 (1978), and is not taken lightly by the court.  Moreover, the court expends considerable resources to process and maintain sealed documents.

Accordingly, any party may file motions by February 21, 2008, demonstrating good cause to seal the documents each has submitted since December 18, 2007 which do not pertain to defendants' summary judgment motion.

The court's October 29, 2007 Order (Docket # 47) directed the parties to designate discovery as "attorneys' eyes only" pending the conclusion of each side's depositions pursuant to Federal Rule of Civil Procedure 30(b)(6).  Defendants' objections during its Rule 30(b)(6) deposition to answering questions regarding the period from August 6, 2007 through September 26, 2007, or otherwise related to the factual bases for their counterclaims, are not well-taken.  Defendants in their counterclaims have asserted serious allegations of, <u>inter alia</u>, malicious pre-textual behavior by plaintiffs, and plaintiffs are entitled to discover the factual bases for defendants' claims to ensure they were filed in conformity with Federal Rule of Civil Procedure 11.  Although the work product privilege protects against the disclosure of materials prepared in anticipation of litigation, it does not typically extend to the underlying facts contained within those materials.  <u>See, e.g.</u>, <u>Resolution Trust Corp. v.</u>

Dabney, 73 F.3d 262, 266 (10th Cir. 1995); In re Grand Jury Subpoena, 220 F.R.D. 130, 141 (D. Mass. 2004); cf. In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1016 (1st Cir. 1988) (assertion of work product does not protect against a request for information which reveals a party's legal theory because the discovery rules regularly allow litigants to gain this information which will appear at trial, if not before). The work product privilege is not broad enough to shield defendants' corporate representative from answering questions regarding factual information learned while working with counsel or others or from reviewing documents during the period prior to defendants' filing of counterclaims on September 26, 2007.

Accordingly, plaintiffs' motion to compel Rule 30(b)(6) deposition testimony (Docket # 95) is ALLOWED to the extent plaintiffs seek the factual underpinnings for defendants' claims and not the actual communications between defendants and their counsel or other disclosure of such counsel's mental impressions, conclusions, opinions or legal theories.  The motion is DENIED to the extent it seeks documents protected by the attorney-client or work product privileges.  Defendants' motion to clarify the court's October 29, 2007 Order (Docket # 89) is DENIED.  Both sides may share documents marked "attorneys eyes only" with their clients only after the conclusion of the re-deposition of defendants' Rule 30(b)(6) representative, which shall occur as soon as is practicable for the parties.

The court understands that all previously-filed documents shall be kept under seal only until the Rule 30(b)(6) depositions are concluded.

|  |  |
|---|---|
| February 13, 2008 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |