UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
DUNKIN DONUTS FRANCHISED      )
RESTAURANTS, LLC et al.,      )
                              )
    Plaintiffs/Defendants     )
    in Counterclaim,          )
                              )
    v.                        )    Civil Action No.  07-cv-11444-RWZ
                              )
AGAWAM DONUTS, INC., et al,   )
                              )
    Defendants/Plaintiffs     )
    in Counterclaim and       )
    Third-Party Plaintiffs,   )
                              )
    v.                        )
                              )
DUNKIN BRANDS INC., et al.    )
                              )
    Third-Party Defendants.   )
_____)

ORDER.

August 1, 2008

SOROKIN, M.J.

The Court enters the following discovery and scheduling orders:

1. The Parties' Joint Stipulation Regarding Resolution of Certain Discovery Disputes (Docket #152) is adopted as an Order of the Court.

2. The Joint Motion for Extension of Time to 01/15/09 to Complete Discovery (Docket #153) is ALLOWED. The period for fact discovery shall conclude on January 15, 2009. The discovery status conference previously set for October 8,

1

2008, before Judge Zobel has been rescheduled to January 29, 2009, at 2:00 p.m. before Magistrate Judge Sorokin. By the close of business on January 22, 2009, the Parties shall file a joint report proposing a schedule for the remainder of the case.

3. The Court intends to establish a date certain by which the Plaintiffs shall have identified all of the grounds upon which it intends to rely in support of the terminations. The Defendants had proposed August 15, 2008. That date is premature. The Parties shall confer on this issue and the Court will address it at the discovery status conference set for September 12, 2008, at 3:00 p.m.

4. <u>Rule 30(b)(6) deposition topics</u>.

   A. The Rule 30(b)(6) deposition of the Plaintiffs shall include Topic Nos. 13, 20, 21.

   B. Except as noted below, the Plaintiffs' objections to Topic Nos. 1, 3, 4, 6, 10, and 22 are SUSTAINED.

   C. Topic No. 1 shall be included only as to whether the Plaintiffs have or had a policy of preferring larger corporate franchise holders and/or a policy concerning the type(s) of franchisees it seeks.

   D. Topic No. 2 shall be included only for the period of August, 2004, to August, 2007, and without the obligation to identify all documents.

   E. Topic No. 6 shall be included only as to the number of terminations between January 1, 2002, and December 31, 2007.

   F. Topic No. 11 shall be included, except that rather than the "salary of loss

        prevention personnel, bonuses, hiring and training," it may include the "compensation structure of the loss prevention unit or its employees."

5. <u>Interrogatories</u>.

    A. The Plaintiffs shall answer Interrogatory Nos. 8, 16 (for a five-year period), 17 (for a five-year period), and 18 (as to the Defendants).

    B. The Plaintiffs' objections to Interrogatory Nos. 12, 13, and 14 are SUSTAINED. In addition, their objections to Nos. 3, 21 and 22 (in each case because the Plaintiffs have availed themselves of the provisions of Fed. R. Civ. P. 33(d)), and No. 4 (by the same reasoning, and also because the objections to the sub-parts are sustained) are likewise SUSTAINED.

6. <u>Document Production Requests</u>.

    A. The Plaintiffs shall produce documents responsive to Request Nos. 19, 25, 27, 41, and 45.

    B. The Plaintiffs shall produce in response to Request No. 1 all notices of termination only issued between August, 2002, and August 2007.

    C. The Plaintiffs shall respond to Request No. 8 only as to money spent for the Loss Prevention Unit.

    D. The Plaintiffs shall produce in response to Request No. 26 documents for the time period from August, 2004, to July, 2008.

    E. The Plaintiffs' objections to Request Nos. 2, 3, 4, 9, 10, 21, 32, 35, 38, 39, 40 are SUSTAINED.

    F. The Plaintiffs' objections to Request No. 34 are SUSTAINED (except that

        the Plaintiffs shall produce all documents reflecting a policy, on or after June 1, 2006, not to enforce the franchise agreement as to hiring practice violations occurring prior to June 1, 2006).

   G.    The objections to Request Nos. 23 and 24 are sustained as the requests as drafted are too vague and ambiguous.

7.    The Plaintiffs' request for discovery of and related to the report from the Defendants' investigators is DENIED.

8.    In light of the above Orders, the Amended Motion to Compel Discovery From Plaintiffs (Docket #149), the Motion to Compel Further Discovery From Plaintiffs (Docket #147), the Motion to Compel Rule 30(B)(6) Deposition Testimony, Production of Documents, and More Complete Interrogatory Answers From Defendants (Docket #136), the Motion for Protective Order With Respect to Defendants' 30(b)(6) Deposition Notice (Docket #134) are each ALLOWED IN PART and DENIED IN PART.

                      SO ORDERED.

                        /s / Leo T. Sorokin
                 UNITED STATES MAGISTRATE JUDGE